IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARCIA GLICK,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-246-L** |
| | § | |
| **GREATWIDE LOGISTICS SERVICES, LLC,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion for Summary Judgment, filed November 16, 2012; Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, filed December 7, 2012; and Defendant's Reply Brief in Support of Defendant's Motion for Summary Judgment, filed December 21, 2012. After careful consideration of the motion, response, reply, record, and applicable law, the court **grants** Defendant's Motion for Summary Judgment.

**I.   Procedural and Factual Background**

Plaintiff Marcia Glick ("Glick" or "Plaintiff") brought this action against Defendant Greatwide Logistics Services, LLC ("Greatwide or "Defendant") on January 24, 2012, asserting claims under the Age Discrimination in Employment ("ADEA"), 29 U.S.C. § 621 *et seq.,* and the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001 *et seq.* ("TCHRA").[1] Specifically, Glick alleges that Greatwide willfully discriminated against her because of age when

---

[1] Plaintiff also originally asserted a claim against Defendant for statutory damages and civil penalties under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1001 *et seq.* On November 15, 2012, the parties stipulated to the dismissal with prejudice of Plaintiff's COBRA claim. The court dismissed this claim with prejudice on November 27, 2012. Therefore, only Plaintiff's age discrimination claims remain for resolution.

**Memorandum Opinion and Order - Page 1**

it terminated her on August 18, 2011, and that it has intentionally treated and continues to treat substantially younger employees more favorably. Pl.'s Am. Compl. ¶¶ 26, 29. Plaintiff seeks declaratory relief; statutory damages and civil penalties; backpay; reinstatement; compensatory, punitive and liquidated damages; prejudgment and postjudgment interest; costs of court; and attorney's and expert fees.

The court now sets forth the facts in accordance with the standard set forth in section II(A). of this opinion. On April 4, 2007, Glick began employment at Greatwide Logistic Services, Inc. ("GLSI") as a corporate paralegal and corporate secretary in its in-house legal department. Pl.'s App. 204; Def.'s App. 001, 041. She was 58 years old at the time she began employment with GLSI. Def.'s App. 041. When Glick joined GLSI, the legal department consisted only of John Hove, who started as an employee of the company shortly before Glick. GLSI filed for bankruptcy in October 2008, and its assets were sold to an investment group in February 2009. *Id.* at 002. A new entity, Greatwide, was formed to carry on the business previously conducted by GLSI. *Id.* Glick became employed as a corporate paralegal for Defendant. *Id.*

Around December 2010, the legal department consisted of three members, Senior Vice President, General Counsel, and Secretary of Greatwide, Hove; Assistant General Counsel Tanya Kean ("Kean"); and Glick. *Id.* at 004. By early 2011, Glick's duties included: maintaining the company's minute books for Greatwide's subsidiaries; filing various Secretary of State annual reports for Delaware and foreign jurisdictions; occasionally preparing Secretary Certificates; electing and removing officers and directors for subsidiaries as needed; maintaining and managing current organizational charts and officer/director lists on the Legal site on Greatwide's computer intranet system called GreatNet; assisting payroll with processing garnishments, document subpoena

processing, and intake and distribution of service of process; and archiving documents on the GreatNet Legal site. Pl.'s App. 205. The most intensive part of Glick's job, however, was handling contract administration duties.[2] *Id.* According to Glick, she managed and maintained the contract database for both corporate and operations contracts from the time of her hire in April 2007 and her contract administration duties accounted for about 65% of her typical work week. *Id.* at 208, 209. Around February 2011, Glick noticed that Greatwide had posted an opening for a contract administrator in the legal department. *Id.* at 95, 209. Glick confronted Hove about the posting because she was already responsible for contract administration and believed that there was not a sufficient workload to keep a fourth full-time employee busy. *Id.* at 209. Plaintiff states that Hove assured Glick that the new hire would have "no impact" on her job. *Id.* About March 2011, Hove hired Peggy Cromwell as a contract administrator. Def.'s App. 004. Cromwell was about 42 years old. *Id.* at 005.

Hove asked Glick to train Cromwell on her contract administration duties and on a number of her paralegal responsibilities. *Id.* at 004, 050. Some of Glick's job responsibilities were transferred to Cromwell, including those related to filing and database management for operations and customer contracts. *Id.* at 004, 079; Pl.'s App. 97, 268-71.

In July 2011, a major client whose account represented approximately eighty million dollars of annual revenue to Greatwide informed the company that it would not be renewing its contract for transportation services covering five distribution centers in Florida and Alabama. Def.'s App. 005.

---

[2] The parties appear to dispute the contract administration duties for which Glick was responsible. Glick states that she handled a range of contract administration duties for all customer *and* operations contracts, *see* Pl.'s App. 205-206, while Greatwide states that she was only responsible for archiving non-operations and operations contracts, and maybe on occasion, she reviewed operations contracts. *See* Pl.'s App. 143; Def.'s App. 011. As required by the applicable standard, the court must accept Plaintiff's stated facts as true.

**Memorandum Opinion and Order - Page 3**

Upon learning of the substantial loss of business that would take place, Greatwide's management decided that overhead at the corporate headquarters needed to be cut and asked each of the department heads, including Hove, to find ways to reduce overhead. *Id.* Greatwide decided that a reduction-in-force ("RIF") was required to accomplish this goal. *Id.* at 020. In August 2011, Greatwide initiated a RIF that affected employees at its corporate headquarters and field offices. *Id.* at 005. Two of the four employees in the legal department were eligible for the workforce reduction: (1) Glick; and (2) Cromwell. *Id.* On August 18, 2011, Hove notified Glick that Greatwide was terminating her employment, effective that day, because the company was eliminating her position. Pl.'s App. 210. Glick was 62 years old when Greatwide terminated her employment in August 2011. Def.'s App. 005. Following Glick's termination, her job responsibilities were redistributed among Hove, several persons outside the legal department, and outside counsel. Pl.'s App. 161-65.

On September 22, 2011, Glick filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission, Civil Rights Division, alleging that Greatwide discriminated against her on the basis of age when it terminated her and replaced her with a substantially younger, newly-hired employee. Def.'s App. 131. After receiving her right-to-sue notice, Glick filed this action alleging that she had been unlawfully terminated because of her age in violation of the ADEA and the TCHRA. On November 16, 2012, Defendant moved for summary judgment on Glick's ADEA and TCHRA claims.

## II. Relevant Legal Standards

### A. Motion for Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.

**Memorandum Opinion and Order - Page 4**

Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not

competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id*.; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**B.     Standard Applicable to ADEA Claims Based on Circumstantial Evidence**

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Unlike Title VII, the ADEA does not authorize an alleged mixed-motives age discrimination claim. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 175 (2009). Instead, a plaintiff bringing a disparate-treatment claim under the ADEA must prove that age was the "but-for" cause of the challenged adverse employment action. *Id.*; *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010). It is therefore insufficient under the ADEA for a plaintiff to show that age was a

motivating factor. *See Gross*, 557 U.S. at 175. "But-for" cause means the cause without which the challenged adverse employment action would not have occurred. *See Long v. Eastfield Coll.*, 88 F.3d 300, 305 n.4 (5th Cir. 1996) (citations omitted).

A plaintiff may prove employment discrimination with either direct or circumstantial evidence. *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citing *Portis v. First Nat'l Bank of New Albany, Miss.*, 34 F.3d 325, 328 (5th Cir. 1994)). Glick does not base her claims on direct evidence that Greatwide discriminated against her; therefore, her case relies instead on circumstantial evidence.

The burden-shifting framework set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802 04 (1973), applies to ADEA cases based on circumstantial evidence of discrimination. *Jackson v. Cal Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010). Both parties acknowledge that the *McDonnell Douglas* burden-shifting framework applies to Plaintiff's ADEA claim. For a RIF case:

> a plaintiff makes a *prima facie* case by showing (1) that [s]he is within the protected age group; (2) that [s]he has been adversely affected by the employer's decision; (3) that [s]he was qualified to assume another position at the time of the discharge; and (4) "evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue."

*Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996) (quoting *Amburgey v. Corhart Refractories Corp., Inc.*, 936 F.2d 805, 812 (5th Cir. 1991)).

Once a plaintiff establishes a *prima facie* case, the defendant must set forth a legitimate, nondiscriminatory reason for the employment action it took against the plaintiff. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005). This is a burden of production, not persuasion, on the defendant's part, and it "can involve no credibility assessment." *St. Mary's Honor Ctr. v. Hicks*,

**Memorandum Opinion and Order - Page 7**

509 U.S. 502, 509 (1993). "If the [defendant] articulates a legitimate, non-discriminatory reason for the employment decision, the plaintiff must then be afforded an opportunity to rebut the employer's purported explanation, to show that the reason given is merely pretextual." *Moss*, 610 F.3d at 922. "In determining whether the plaintiff's rebuttal precludes summary judgment, '[t]he question is whether [the plaintiff] has shown that there is a genuine issue of material fact as to whether this reason was pretextual.'" *Id.* (citation omitted). Pretext may be shown "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Jackson*, 602 F.3d at 378-79 (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (internal quotation marks omitted)).

    **C.    Standard Applicable to TCHRA Claims Based on Circumstantial Evidence**

While Texas law is essentially the same as federal law regarding discrimination claims, it does vary in one important respect regarding age discrimination claims:

> Under the TCHRA, an employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer . . . discharges an individual or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment. Section 21.051 is effectively identical to Title VII, its federal equivalent, except that Title VII does not protect against age and disability discrimination. (Those forms of discrimination are addressed in separate statutes.) Because one of the purposes of the TCHRA is to provide for the execution of the policies of Title VII of the Civil Rights Act of 1964, [the Texas Supreme Court has] consistently held that those analogous federal statutes and the cases interpreting them guide [the] reading of the TCHRA.

*Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012) (quoting *Mission Consol. Indep. School Dist. v. Garcia*, 372 S.W.3d 629, 633 (Tex. 2012) (internal quotation marks omitted)); *see also Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996) ("Because one

purpose of the Commission on Human Rights Act is to bring Texas law in line with federal laws addressing discrimination, federal case law may be cited as authority.").

Several courts of appeals, relying on Fifth Circuit case law, have held that a plaintiff in a RIF case alleging discrimination under the TCHRA must make the same *prima facie* showing as a plaintiff alleging a claim under the ADEA. *See Stewart v. Sanmina Tex., L.P.*, 156 S.W.3d 198 (Tex. App. Dallas 2005, no pet.); *Gold v. Exxon Corp.*, 960 S.W.2d 378, 381 (Tex. App. Houston [14th Dist.] 1998, no pet.).[3] Accordingly, the court determines the *prima facie* case for a RIF case under the TCHRA is the same as that under the ADEA. *See Peterson v. Bell Helicopter Textron, Inc.*, 901 F. Supp. 2d 846, 854 (N.D. Tex. 2012) ("The presence of a prima-facie case under the TCHRA is subject to the same analysis as a prima-facie case under the ADEA."); *Coreas v. L-3 Commc'ns Corp.*, No. 3L11-CV-00327-BF, 2012 WL 2959347, at *5 (N.D. Tex. Jul. 20, 2012) ("The Fifth

---

[3] The court notes that there are some cases from Texas courts of appeals that have applied the non-RIF *prima facie* standard to a RIF case, or that have modified only the fourth element of the *prima facie* case in a RIF case. *See Quality Dialysis, Inc. v. Adams*, No. 12-05-086-CV, 2006 WL 1553353, at *4 (Tex. App.—Corpus Christi 2006, no pet.) ("In order to establish a prima facie case of age discrimination under the TCHRA, a plaintiff must prove that he (1) is a member of a protected class, (2) was discharged, (3) was qualified for the position from which he was discharged, and (4) was either replaced by someone outside the protected class, replaced by someone younger, or was otherwise discharged because of his age. . . . Where the employer claims that the termination was part of reduction in force, the employee makes out a prima facie case of age discrimination by tendering evidence, circumstantial or direct, from which a fact finder might reasonably conclude the employer intended to discriminate in reaching its decision.") (citing *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 356 (5th Cir. 2005) and *Gold v. Exxon Corp.*, 960 S.W.2d 378, 381 (Tex. App.—Houston [14th Dist.] 1998, no pet.)); *McKoy v. Texas Instruments, Inc.*, 183 S.W.3d 548, 554, (Tex. App.—Dallas 2006, no pet.) (stating that "[i]n a circumstantial evidence race discrimination case," plaintiff had the burden of showing that "(1) he was a member of a protected class, (2) he suffered an adverse employment action, and (3) non-protected employees were not treated similarly," in a RIF case) (citing *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 792-93 (1973)); *Cantu v. Texas Workforce Comm'n*, 145 S.W.3d 236, 240 Tex. App.—Austin 2004, no pet.) (stating that "[a] *prima facie* case of age discrimination is demonstrated if the complainant was (1) within the protected age group, (2) adversely affected or suffered an adverse employment action, and that (3) similarly situated non-protected class members were not treated similarly," in a case where plaintiffs were terminated pursuant to a RIF); *Russo v. Smith Int'l, Inc.*, 93 S.W.3d 428, 436 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (purporting to follow the Fifth Circuit's modified *prima facie* case for RIF cases, but altering only the fourth prong of the *prima facie* case). Those courts of appeals, however, purport to rely on federal law or cases from other Texas courts of appeals applying federal law. The court determines that these courts either failed to distinguish between the *prima facie* case for RIF cases and for non-RIF cases in the Fifth Circuit, or incorrectly interpreted the applicable RIF *prima facie* case. Accordingly, the court will follow those Texas courts of appeals that correctly apply the Fifth Circuit *prima facie* standard for RIF cases.

**Memorandum Opinion and Order - Page 9**

Circuit has held that 'the TCHRA is coextensive with Title VII and the ADEA.' Thus, the same analytical framework is used in a discrimination case under the TCHRA, as that which is used in a Title VII or Age Discrimination Employment Act ('ADEA') case.") (citations omitted). Thus, in a RIF case under the TCHRA,

> a plaintiff makes out a prima facie case by showing: (1) that he is within the protected age group; (2) that he has been adversely affected by the employer's decision; (3) that he was qualified to assume another position at the time of the discharge; and (4) "evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue."

*Stewart*, 156 S.W.3d at 209 (quoting *Nichols*, 81 F.3d at 41); *see also Peterson*, 901 F. Supp. 2d at 854; *Coreas*, 2012 WL 2959347, at *5; *Lohn v. Morgan Stanley DW, Inc.*, 652 F. Supp. 2d 812, 832 (S.D. Tex. 2009).

Despite the similarity in the elements of a *prima facie* case under the ADEA and the TCHRA, one major distinction exists between the two: "the TCHRA and the ADEA involve a different causation inquiry at the third stage of the *McDonnell Douglas* analysis." *Reed,* 701 F.3d at 440. "Under the TCHRA . . . a plaintiff need only show that age was a 'motivating factor' in the defendant's decision," rather than the "but for" cause the ADEA requires. *Id.* (citing *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 480 (Tex. 2001); *see also* Tex. Lab. Code § 21.125(a). "However, if an employer demonstrates that it would have taken the same action in the absence of the impermissible motivating factor, then a court may grant declaratory or injunctive relief but may not award damages." *Arismendez v. Nightingale Home Health Care*, 493 F.3d 602, 607 (5th Cir. 2007) (citing Tex. Lab. Code § 21.125(b)).

### III.   Analysis

Greatwide contends it is entitled to summary judgment on Glick's ADEA and TCHRA claims. It contends that Glick cannot: (1) establish a *prima facie* case of age discrimination because she is unable to demonstrate that Greatwide had an available position for her at the time of the RIF and no evidence exists from which a fact finder might reasonably conclude that Greatwide intended to discriminate against Glick; and (2) demonstrate that the elimination of her position through RIF was pretext for discrimination or that her age was a determinative factor in Hove's decision to eliminate her position. Def.'s Br. in Supp. of Def. Greatwide Logistic Services, LLC's Mot. for Summ. J. 1-2.

The ADEA protects persons forty years or older from age discrimination. 29 U.S.C. § 631(a). There is no dispute that Glick, who was 62 years old at the time of the RIF, is a member of a class protected from age discrimination under the ADEA. Further, there is no dispute that she was adversely affected by Greatwide's employment decision to terminate her. Therefore, Plaintiff has satisfied the first two elements of her *prima facie* case of age discrimination. Defendant, however, argues that Glick has not shown she was qualified to assume another position at the time she was terminated, or produced evidence, circumstantial or direct, from which a factfinder might reasonably conclude that Defendant intended to discriminate against her.

As to the third element of Glick's *prima facie* case, Defendant, citing *Fisher v. Ultradata Corp.*, No. 3:98CV1024L, 1999 WL 362788, at *3 (N.D. Tex. Jun. 4, 1999), argues that Glick's job was not filled and that there was no other *available* position for her to assume at the time of her discharge. According to Greatwide, Glick believes she should have been retained and Cromwell should have been terminated instead because Glick was purportedly better-qualified than Cromwell.

Defendant argues, however, that it was not required to "bump" Cromwell from her job to retain Glick.

Glick counters that she does not have to prove that she was qualified to assume an available job. She argues that although the *Fisher* opinion describes the third *prima facie* element as "qualified to assume another *available* position," the insertion of the word "available" is effectively dicta. Glick cites to *Marak v. Dallas/Fort Worth Int'l Airport Bd.*, No. 3:03-cv-1883-R, 2005 WL 1837940, at *2-3 (N.D. Tex. Aug. 3, 2005), for the proposition that the proper analysis begins with whether the plaintiff was qualified to assume *another* position, not necessarily an *available* position. *See id.* (explaining that "[i]f the Court were to accept that at the time of his termination there was no position left for [Plaintiff], then the Court would fail to recognize that in a RIF responsibilities of terminated employees are parsed out among remaining employees. Therefore, no Plaintiff would be able to prevail in a RIF case if all the Defendant had to argue was that Plaintiff's position was eliminated and Plaintiff's job duties were subsumed by others."). Thus, Glick argues that the court should evaluate whether Glick was qualified to perform the duties of the single remaining non-attorney position in the legal department, that of the Contract Administrator, which was held by Cromwell at the time of her termination. Additionally, Glick contends that Defendant's "bumping" argument is misplaced because "bumping" refers to a policy wherein the employer removes an employee who would not have otherwise been subject to RIF selection to transfer the more experienced person into that position. Here, Glick argues, "bumping" does not apply to the scenario where two employees are both considered for termination and only one is chosen. According to Glick, if this were the case, the logical conclusion of Defendant's argument would mean that

**Memorandum Opinion and Order - Page 12**

Defendant effectively "bumped" Glick in order to retain Cromwell in the single remaining non-attorney position. The court disagrees.

The court first addresses whether the third element of a plaintiff's RIF *prima facie* case requires her to demonstrate that she was "qualified to assume another *available* position." The *Fisher* case cited to *Nichols* for the RIF *prima facie* standard, which stated that a plaintiff show that "he was qualified to assume *another* position at the time of the discharge." Although the word "available" did not appear in the RIF *prima facie* standard set forth in the *Nichols* case, the court disagrees with Glick's characterization of the word "available" as dicta in the *Fisher* case. Even though the *Nichols* court did not state that the position had to be available, the court determines that the requirement that a position be available is necessarily implied; otherwise, a plaintiff could *always* satisfy the third element of her *prima facie* case by pointing to any other position for which she *may* be qualified held by an employee that was not selected to be included in the RIF. Other courts in this circuit have similarly reached the same conclusion. *See, e.g.*, *Coreas*, 2012 WL 2959347, at *6 ("An employer is entitled to summary judgment if there are no other open positions for which the employee was qualified at the time of his discharge pursuant to a RIF.") (citing *Chavarria v. Despachos Del Notre, Inc.*, 390 F. Supp. 2d 591, 597 (S.D. Tex. 2005) (granting summary judgment after finding that the plaintiff could not identify any *open* positions for which he was qualified, and thus he was unable to show the third factor in the RIF discrimination analysis); *see also Howell v. Exxon Corp.*, 103 F.3d 125, 1996 WL 731434, at *3 (5th Cir. 1996) ("[Plaintiff] has identified an *open* position within Exxon for which she was qualified and has provided evidence of her qualifications in the form of Exxon's own non-competitive personnel evaluations. . . . Thus, [plaintiff] has made out her *prima facie* case.") (emphasis added).

**Memorandum Opinion and Order - Page 13**

Even if a position need not be available for a plaintiff to establish this element of her *prima facie* case and the court were to adopt the reasoning of the *Marak* court as Glick urges, the *Marak* case is distinguishable from the present case. In *Marak*, the plaintiff attempted to meet the third element of his *prima facie* case by demonstrating that he was more qualified than the individuals who assumed his duties after his termination. *See Marak*, 2005 WL 1837940, at *3 ("[Plaintiff] . . . alleges that he was better qualified than those individuals who assumed his duties  namely Mr. Hobbs, Mr. Smith, and Mr. Yancey. The Court believes the proper analysis of Marak's age claims needs to begin at whether Marak was qualified to assume another position. If the Court were to accept at the time of his termination there was no position left for Marak, then the Court would fail to recognize in a RIF responsibilities of terminated employees are parsed out among remaining employees."). Unlike *Marak*, in this case, Glick tries to meet the third element of her *prima facie* case by showing that she was better qualified for the Contract Administrator position than was Cromwell, an individual who did not assume any of Glick's duties *after* Glick's termination. *See* Pl.'s App. 161-65; Def.'s App. 006.

The single remaining non-attorney position in the legal department after the RIF was that of the Contract Administrator, held by Cromwell. Glick argues that she was qualified to assume the position held by Cromwell because she previously handled a substantial amount of Cromwell's responsibilities *before* Cromwell was hired. Glick states that approximately 65% of daily job responsibilities had been parsed out to Cromwell in the months leading up to Glick's termination. Pl.'s App. 114, 205, 208-209. After Glick's termination, however, Cromwell did not assume any of Glick's remaining responsibilities. *See* Pl.'s App. 161-65; Def.'s App. 006. Plaintiff does not dispute, and even acknowledges in her response, that after her termination, her "job responsibilities

**Memorandum Opinion and Order - Page 14**

were redistributed to three persons outside of the Legal Department, to outside counsel, and to Hove himself." See Pl.'s Br. in Supp. of her Resp. in Opp. to Def.'s Mot. for Summ. J. 15.

Glick suggests that Cromwell should have been terminated instead of her because she had been at Greatwide longer and was more experienced. See Pl.'s Br. in Supp. of her Resp. in Opp. to Def.'s Mot. for Summ. J. 7 ("Both Glick and Cromwell were candidates for the RIF. However, Hove selected Glick, nearly twenty years Cromwell's senior. At the time of the termination decision . . . Glick was a four-plus-year employee with extensive knowledge of the company . . . . By contrast, Cromwell had been with the company less [than] four months."). The Fifth Circuit, however, has stated that an employer is not required to

> "bump" younger, less experienced employees from their positions in order to make room for the older and more experienced. The ADEA does not require employers to maintain such a "bumping" policy. But when there are *vacant* positions similar to the position from which an older employee is terminated, an employer cannot consider age in deciding which employee should be transferred to fill the vacancy.

*Walther*, 952 F.2d at 123 (internal citation omitted). Thus, Greatwide was not required to "bump" Cromwell from her position in order to retain Glick merely because of her age and experience. Because Glick identifies no "*vacant* positions similar to the position" from which she was terminated, and instead points to a position held by another employee   who, notably, did not assume any of Glick's duties after termination   the court concludes that Glick has not shown she was qualified to assume another position at the time she was terminated and thus has not satisfied the third element of her *prima facie* case of discrimination pursuant to a RIF. Having failed to satisfy the third element of her *prima facie* case, Glick therefore cannot establish a *prima facie* case of age discrimination under the ADEA or the TCHRA. Accordingly, the court determines that there is no

genuine dispute of material fact, and Defendant is entitled to judgment as a matter of law on Glick's age discrimination claims.

## IV. Conclusion

For the reasons stated herein, the court **determines** that no genuine dispute of material fact exists regarding Plaintiff's claim for age discrimination under the ADEA or the TCHRA and, Greatwide is entitled to judgment as a matter of law. Accordingly, the court **grants** Defendant's Motion for Summary Judgment and **dismisses with prejudice** this action. Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 29th day of May, 2013.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge